Samuel M. Gold, J.
This is an application by the Attorney-General of the State of New York, pursuant to subdivision 12 of section 63 of the Executive Law (1) to restrain defendants from continuing to operate the building at 108 West 84 Street, Manhattan, in violation of the laws of the City of New York and the State of New York, and (2) for cancellation of the certificate of doing business filed by the defendants other than Hoffman. Subdivision 12 reads as follows: ‘1 Whenever any person shall engage in repeated fraudulent or illegal acts or otherwise demonstrate persistent fraud or illegality in the carrying on, conducting or transaction of business, the attorney-general may apply, in the name of the people of the state of New York, to the supreme court of the state of New York, on notice of five days, for an order enjoining the continuance of such business activity or of any fraudulent or illegal acts, and, *84 in an appropriate case, cancelling any certificate filed under and by virtue of the provisions of section four hundred forty of the penal law, and the court may award the relief applied for or so much thereof as it may deem proper. ’ ’
It is clear from the papers before the court that the owners and lessee of the premises have been operating them for pecuniary gain. They therefore are engaged ‘ ‘ in the carrying on, conducting or transaction of business ’ ’, within the meaning of the statute. It is also abundantly clear that the building has been operated in willful and continuous disregard of the applicable laws, as the result of which an enormous number of violations have been and continue to be filed against the premises. Some of the illegalities consist of obstruction of public halls, public areas and passageways, accumulation of rubbish, fire hazards, defective heating, rusty and defective fire escapes, defective doors, floors, walls, broken ceilings, dangerous and unsanitary conditions in apartments, unlawful cooking spaces, broken windows, pipes, defective fireproofing, defective plumbing, defective electrical wiring, and defective water faucets and pipes.
In the court’s opinion, an appropriate case for invoking subdivision 12 has been made out. The salutary provisions of that subdivision, enacted in 1956, should be applied to all business activity accompanied by repeated acts of illegality. There appears to be no good reason for adopting defendants’ narrow construction of the scope of the statute, which would exempt the rooming house business here involved from its provisions.
The court is of the opinion, however, that at this time, the relief granted should not include the cancellation of the certificate of doing business. If the violations continue, despite the injunctive relief presently granted, the Attorney-General may renew his application for cancellation of the certificate.
Motion granted to the extent of the injunctive relief applied for, and otherwise denied, but without prejudice to a renewal of the application for cancellation of the certificate.
Settle order. Provision as to the time within which all existing violations must be removed will be made in the order.